IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

KAREN JANE BOWEN PLAINTIFF

V. NO. 13-5084

CAROLYN W. COLVIN,[1]
Acting Commissioner of the Social Security Administration DEFENDANT

# MEMORANDUM OPINION

Plaintiff, Karen Jane Bowen, brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for a period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

## I. Procedural Background:

Plaintiff protectively filed her application for DIB on February 28, 2011, alleging disability since February 1, 2011, due to "Back injury (spinal fusion surgery), nerve damage legs." (Tr. 109-110, 129, 133). An administrative hearing was held on April 17, 2012, at which Plaintiff appeared with counsel and testified. (Tr. 22-48).

By written decision dated July 31, 2012, the ALJ found that during the relevant time period, Plaintiff had in impairment or combination of impairments that were severe -

[1] Carolyn W. Colvin, has been appointed to serve as acting Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.



AO72A
(Rev. 8/82)

degenerative disc disease, status post anterior lumbar interbody arthrodesis and infusion with interbody implants at the L3-4 and L4-5 levels. (Tr. 10). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 11). The ALJ found Plaintiff retained the residual functional capacity (RFC) to perform light work as defined in 20 C.F.R. § 404.1567(b) except that she can only occasionally perform balancing, climbing, crouching, stooping, kneeling and crawling. (Tr. 11). With the help of a vocational expert (VE) the ALJ determined Plaintiff was capable of performing her past relevant work as a counter attendant, cashier/checker or waitress, which work did not require the performance of work-related activities precluded by Plaintiff's RFC. (Tr. 15).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied the request on March 22, 2013. (Tr. 1-3). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 10, 11).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II. Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be

affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3), 1382(3)(D). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing her claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing



AO72A
(Rev. 8/82)

past relevant work; and (5) whether the claimant was able to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. §416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity (RFC). See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §416.920.

**III. Discussion:**

What causes the Court concern is the fact that during the relevant time period, and after back surgery was performed on March 2, 2011 (Tr. 220), Plaintiff continued to complain of rather significant back pain. Although an April 11, 2011 report from Rhonda Findley, APN to Dr. James Blankenship, of the Neurosurgery Center, indicated that Plaintiff was walking much straighter, it was also reported that Plaintiff had marked pain with lumbar extension, and was ambulating with a cane. (Tr. 429). Ms. Findley wanted Plaintiff to increase her Oxycontin to three times a day for a while and then reduce it to twice a day. (Tr. 429). She also recommended that Plaintiff continue on Neurontin and with physical therapy. (Tr. 429). On April 25, 2011, Dr. R. David Cannon, who had been giving steroid injections to Plaintiff, saw Plaintiff, who was complaining of pain with any type of bending at the waist, and she also was having trouble walking. (Tr. 496). Dr. Cannon noted that Plaintiff had an antalgic gait and was walking with a cane. (Tr. 496). Her range of motion of the back showed limited range of motion with extension and flexion. (Tr. 496). Dr. Cannon recommended bilateral SI joint injections. (Tr. 496).

Plaintiff again saw Dr. Blankenship on June 9, 2011, who reported that Plaintiff had a reduction of her pain of about 70 percent from her preoperative pain level, and she was very



AO72A
(Rev. 8/82)

pleased with the surgical outcome, but was still having a significant amount of pain axially above her surgery and in the bilateral SI joints, which was improved and diagnosed with the injection. (Tr. 460). On July 13, 2011, Plaintiff again fell while working, and in a letter from Dr. Cannon to Dr. Blankenship of the same date, Dr. Cannon reported that the injections she received on May 25, 2011 resulted in only minimal improvement with her pain. (Tr. 494).

Two Physical RFC Assessments were completed, one on July 29, 2011, by Dr. Jerry Thomas (Tr. 514-521) and another by Dr. William Collie, on October 3, 2011. (Tr. 548-552). Both physicians indicated that Plaintiff could perform light work with no limitations. In the interim, in a report dated August 25, 2011, Dr. Blankenship saw Plaintiff, who was still complaining of quite a bit of back pain and radiculitis. (Tr. 535). Dr. Blankenship recommended that another MRI be obtained. (Tr. 535). On September 14, 2011, an MRI of Plaintiff's lumbar spine revealed:

1. Postoperative changes at L3-4 and L4-5
2. Mild generalized bulging annulus L2-3
3. Disc desiccation L2-3
4. Schmorl's nodes L2-3

(Tr. 542).

On March 29, 2012, Plaintiff again saw Ms. Rhonda Findley, APN. (Tr. 607). At that time, it was reported that Plaintiff continued to have pain and continued to take six to eight oxycodone a day, which was barely knocking the edge off of her pain. (Tr. 607). Plaintiff rated her overall pain at 100 percent towards the worst pain imaginable. (Tr. 607). Physical examination revealed bilateral lower extremities of 5/5 strength. (Tr. 607). Plaintiff was reported as having a flexed posture and a very antalgic gait, and had limited lumbar range of motion,

increased pain in flexion but marked increased pain in extension. (Tr. 607). Ms. Findley advised Plaintiff that she needed to get back on the OxyContin and continue taking oxycodone for breakthrough pain, and stated that she would like for Plaintiff to get back into physical therapy, and that it might be a good idea to go ahead and send her over for possible injection with Dr. Cannon. (Tr. 607-608).

The Court is of the opinion that there is a significant disparity between Dr. Blankenship's treatment records and the opinions of Dr. Thomas and Dr. Collie. Clearly, Plaintiff is still suffering from significant pain and taking strong pain medication, has some limited range of motion, and walks with an antalgic gait and with a cane. Accordingly, the Court finds it appropriate to remand this matter to the ALJ in order to obtain a Physical RFC Assessment from Dr. Blankenship, or if that is not possible, to obtain one from an examining physician. The ALJ should then re-evaluate Plaintiff's RFC.

**IV. Conclusion:**

Accordingly, the Court concludes that the ALJ's decision is not supported by substantial evidence, and therefore, should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

ORDERED this 16th day of April, 2014.

/s/ Erin L. Setter
HONORABLE ERIN L. SETTER
UNITED STATES MAGISTRATE JUDGE



AO72A
(Rev. 8/82)